Submitted March 30, reversed and remanded April 20, 2022

In the Matter of A. H. M.,
aka A. H. M., a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. A. C. M.,
aka B. A. C. M.,
*Appellant.*

Lane County Circuit Court
20JU03668; A177207

508 P3d 999

Valeri L. Love, Judge.

Kenneth A. Kreuscher filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Father appeals from a judgment changing the permanency plan for his child from reunification to adoption. Father argues that the Department of Human Services (DHS) failed to make reasonable efforts to reunify father with his child. DHS concedes that DHS failed to do so. We agree and, therefore, reverse and remand.

In March 2021, DHS took jurisdiction over the child as to father based on father's patterns of substance abuse and criminal conduct. Father has been incarcerated since June 2020 and is expected to be released sometime this year. While incarcerated, and due to the Covid-19 pandemic, father has been unable to access any drug or alcohol programs. Father thus argues, and DHS agrees, that he has not been provided with reasonable efforts to ameliorate the conditions that led to DHS taking jurisdiction over the child. To be sure, it appears that the pandemic is largely—if not entirely—responsible for father not being able to access the necessary services. But, as we recently explained in *Dept. of Human Services v. W. M.*, 310 Or App 594, 599, 485 P3d 316 (2021), DHS's efforts "must extend long enough to allow for parents to obtain the type of training the pandemic has prevented them from having, and long enough to allow for meaningful assessment of whether that training will permit them to be minimally adequate parents." That holds equally true with respect to parents who are incarcerated. *See Dept. of Human Services v. K. G. T.*, 306 Or App 368, 375, 473 P3d 131 (2020) ("DHS is not excused from making reasonable efforts toward reunification simply because a parent is incarcerated.") (Internal quotation marks omitted.). We therefore find DHS's concession to be well founded and we reverse and remand.

Reversed and remanded.